UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONTOREY DANYELL HARPER,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>CITY OF SAN DIEGO, ET AL.,<br><br>　　　　　　　　　　　Defendants. | Case No.: 3:16-cv-00992-GPC-BGS<br><br>**ORDER:**<br><br>**(1) DENYING MOTION TO PROCEED IFP [ECF No. 2]**<br><br>**(2) SUA SPONTE DISMISSING COMPLAINT** |

**INTRODUCTION**

On April 25, 2016, Plaintiff Montorey Danyell Harper ("Plaintiff"), proceeding pro se, initiated this action against defendants United States Government, City of San Diego ("City"), San Diego Sheriff Department, Police Department, and Hard Rock Cafe ("HRC") (collectively "Defendants"). Plaintiff concurrently filed a motion to proceed in forma pauperis ("IFP"). (ECF No. 2.) For the reasons set forth below, the Court **DENIES** Plaintiff's motion and sua sponte **DISMISSES** Plaintiff's complaint for failure to state a claim on which relief may granted.

//
//
//

1

# DISCUSSION

## I. Motion for Leave to Proceed IFP

Any party instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.00. 28 U.S.C. § 1914(a). An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Under 28 U.S.C. § 1915(a), the Court may waive the filing fee if a party demonstrates an inability to pay by submitting an affidavit reporting all assets of the individual. 28 U.S.C. § 1915(a). The plaintiff must submit an affidavit demonstrating an inability to pay the filing fee, and the affidavit must include a complete statement of the plaintiff's assets. *Id.* § 1915(a)(1). When a plaintiff moves to proceed IFP, the court first "grants or denies IFP status based on the plaintiff's financial resources alone and then independently determines whether to dismiss the complaint" pursuant to 28 U.S.C. § 1915(e)(2) ("§ 1915(e)(2)"). *Franklin v. Murphy*, 745 F.2d 1221, 1226 n.5 (9th Cir. 1984).

In his declaration accompanying the Motion to Proceed IFP, Plaintiff states that he is employed and receives $4025.00 per month in wages. (ECF No. 2 at 1.) Plaintiff also receives an additional $2906.00 per month in veteran's assistance (VA) and $1119.00 per month in social security benefits (SSA). (*Id.*) Plaintiff maintains a checking account with a current balance of $60.00. (*Id.* at 2.) Plaintiff does not have any other significant assets such as real estate, stocks, bonds, or securities. (*Id.*) Plaintiff has regular monthly expenses in the amount of $4,050.00—$1900.00 on housing, $1150.00 on food, and $1000.00 on transportation. (*Id.*) Plaintiff does not have any dependents, debts owed, or financial obligations. (*Id.*)

Based on Plaintiff's representations, he is able to pay the filing fee, and the Court **DENIES** Plaintiff's motion for leave to proceed IFP.

//

//

## II. Sua Sponte Screening

A complaint filed by any person proceeding IFP, pursuant to 28 U.S.C. § 1915(a), is additionally subject to mandatory sua sponte screening. The Court must dismiss any complaint if at any time the Court determines that it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc).

The requirements under 28 U.S.C. § 1915(e)(2)(B)(ii) are analogous to those under Federal Rule of Civil Procedure (hereinafter "Rule") 12(b)(6). Under Rule 8, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). To state a claim upon which relief may be granted "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 547). A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In other words, "the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

In addition to the liberal pleading standards set out in Rule 8(a), a document filed pro se is "to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). When the plaintiff is appearing pro se, the court affords the plaintiff any benefit of the doubt. *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2001); *Karim-Panahi*, 839 F.2d 621, 623

(9th Cir. 1988). The rule of liberal construction is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. Of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982); *see also Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (finding conclusory allegations unsupported by facts insufficient to state a claim under § 1983). "The plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support the plaintiff's claim." *Jones*, 733 F.2d at 649 (internal quotations omitted).

Plaintiff invokes jurisdiction under 42 U.S.C. § 1983. According to *Gibson v. United States*, "[t]o make out a cause of action under section 1983, plaintiff[] must plead that (1) the defendants acting under color of state law (2) deprived the plaintiff[] of rights secured by the Constitution or federal statutes." 781 F.2d 1334, 1338 (9th Cir. 1986). Plaintiff alleges that "defendant"—presumably Defendant HRC—refused Plaintiff service based on Plaintiff's race and sex. (ECF No. 1 at 3.) Plaintiff's further alleges that Defendant City was "having its employees and residence [sic] discriminate" and that "the city is caught up in the US sex discrimination and sex schemes." (*Id.*)

Plaintiff does not allege any conduct suggesting that Defendant HRC acted under the color of state law. Defendant HRC appears to be a private entity. Further, there are no allegations indicating that any Defendants were acting in concert to further "established city policy or procedure" that violated Plaintiff's constitutional or federal statutory rights. *See Gibson*, 781 F.2d at 1337. *See also Monnell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable under § 1983 on a *respondeat superior* theory."); *Harris v. City of Roseburg*, 664 F.2d 1121, 1130 (9th Cir. 1981) (explaining that the plaintiff must allege that the municipality's implied or tacit authorization, approval, or encouragement of illegal conduct resulted in the action causing harm to plaintiff) (quoting *Turpin v. Mailet*, 619 F.2d 196, 201 (2nd Cir.), *cert. denied*, 449

U.S. 1016 (1980)).  Accordingly, the Court finds that Plaintiff's discrimination allegations fail to state a claim upon which relief can be granted.

Plaintiff's remaining allegations are scattered and not comprehensible, unsupported by any factual allegations, and fail to state a claim that is plausible on its face.[1] Accordingly, as currently pled, Plaintiff's complaint is subject to sua sponte dismissal and the Court **DISMISSES** Plaintiff's complaint for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiff's motion to proceed IFP and sua sponte **DISMISSES** Plaintiff's complaint without prejudice for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  The Court **GRANTS** Plaintiff **thirty (30)** days from the date this Order is stamped "Filed" to file a First Amended Complaint ("FAC") that addresses the pleading deficiencies noted above.

**IT IS SO ORDERED.**

Dated:  June 7, 2016

Hon. Gonzalo P. Curiel
United States District Judge

---

[1] Plaintiff's Complaint requests damages for emotional distress "in cases brought under Title VII, the Americans with Disabilities Act, 42 U.S.C. § 12117(a), and the Rehabilitation Act of 1973, 29 U.S.C. § 749(a)(1)." (ECF No. 1 at 3.) Plaintiff's Complaint further requests relief for "emotional pain," "suffering," "inconvenience," "mental anguish," and "loss of enjoyment of life." (*Id*. at 3–4.) Finally, Plaintiff's Complaint claims that Plaintiff's business was harmed as a result of Defendants' actions. (*Id.* at 4).